IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY JANE SMOOT,<br>*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-19-CV-00865-XR |
| CITY OF SHAVANO PARK,<br>*Defendant* | §<br>§<br>§<br>§ | |

**ORDER**

On this date, the Court considered the status of this case. On March 4, 2021, this Court administratively closed this case pending the Fifth Circuit's decision in a companion case also before this Court, *Etta Fanning v. City of Shavano Park*, No. 5:18-CV-803-XR. ECF No. 31. The Fifth Circuit vacated this Court's decision in *Fanning* and remanded for reconsideration in light of key events following the Court's entry of summary judgment, including the Fifth Circuit's decision in *Reagan National Advertising of Austin, Inc. v. City of Austin*, 972 F.3d 696 (5th Cir. 2020). *Fanning*, No. 5:18-CV-803-XR, ECF No. 55. Although *Fanning* had been remanded for reconsideration in light of *Reagan*, the Fifth Circuit noted that the Supreme Court had granted certiorari in *Reagan* and counseled that "it would be it would be acceptable if the district court concludes that it should stay the proceedings on remand [in *Fanning*] until such time as the Court issues its opinion." *Id.* Recognizing that the the Supreme Court's decision in *Reagan* could affect issues in both *Fanning* and this case, the Court concluded that, in the interests of judicial economy, both *Fanning* and the case remain administratively closed. ECF No. 32.

1

On April 21, 2022, the Supreme Court issued its opinion in *City of Austin v. Reagan National Advertising of Austin*, No. 20-1029, 2022 WL 1177494 (U.S. 2022).  As such, the Clerk is directed to **RE-OPEN** this case. It is **ORDERED** that the Parties are to submit an agreed proposed scheduling order on or before **May 23, 2022**. Failure to do so may result in the Court's entering its own scheduling order.

It is so **ORDERED**.

**SIGNED** this 22nd day of April, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Mary Jane Smoot | § § § | |
| v. | § § | CIVIL NO. 5:19-CV-865-XR |
| City of Shavano Park | § § § | |

## AGREED[1] SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

**MOTIONS FOR LEAVE TO AMEND PLEADINGS.**

The deadline for Plaintiff(s) to file a motion seeking leave to amend pleadings; or to join parties is _____.[2]

The deadline for Defendant(s) to file a motion (1) to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a); (2) seeking leave to amend pleadings; or (3) to join parties is _____.[3]

**EXPERTS**

All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before _____.[4]

Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before _____.[5]

---

1 This document should generally be filed as an agreed upon recommendation. If any party cannot agree to certain deadline, that party should indicate with specificity why a dispute exists as to the appropriate deadline.
2 Generally 60 days from date of this order.
3 Generally 75 days from date of this order.
4 Generally 90 days from date of this order.
5 Generally 120 days from date of this order.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.

An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within eleven (11) days from the receipt of the written report of the expert's proposed testimony, or within eleven (11) days from obtaining a copy of the expert's deposition, if a deposition is taken, whichever is later.

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is _____.

**WITNESS LIST, EXHIBIT LIST, AND PRETRIAL DISCLOSURES**

The deadline for filing Rule 26(a)(3) disclosures is _____.

The deadline for filing objections under Rule (26)(a)(3) is _____.  Any objections not made will be deemed waived.

**COMPLETION OF DISCOVERY**

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all discovery is _____.[6]

**ALTERNATIVE DISPUTE RESOLUTION/MEDIATION**

The parties must mediate this case on or before _____ and file a report in accordance with Rule 88 within seven (7) days after the mediation is completed.

All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings.

If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

---

6 Generally 180 days from date of this order.

**PRETRIAL MOTIONS**

No motion (other than a motion in limine) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and Daubert motions) is _____ . [7] This deadline is also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56 and any defense of qualified immunity. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length.[8] Fed. R. Civ. P. 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

The deadline to file a Final Joint Pretrial Order and any motion in limine is _____.

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;

(2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

(3) a summary of the remaining claims and defenses of each party;

(4) a list of facts all parties have reached agreement upon;

(5) a list of contested issues of fact;

(6) a list of the legal propositions that are not in dispute;

(7) a list of contested issues of law;

(8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

---

7 This date should not be any later than 90 days before the case is scheduled for trial in order to allow the Court adequate time to rule.
8 This supersedes the page limit specified in TXWD Local Rules CV-7(d)-(f).

(10) an estimate of the length of trial;

(11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

(12) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(13) the signatures of all attorneys; and

(14) a place for the date and the signature of the presiding judge.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference shall be held on [THIS DATE WILL BE COMPLETED BY THE COURT] _____.

Motions in limine, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

**TRIAL**

The Trial Date is [PARTIES MAY SUGGEST A TRIAL DATE. IT IS RECOMMENDED THAT THE PARTIES CONTACT THE COURTROOM DEPUTY TO DETERMINE AVAILABILITY ON THE COURT CALENDAR] _____.